## Case No. 16,500.
### UNITED STATES v. THREE HORSES.
[1 Abb. U. S. 426.] [1]

Circuit Court, E. D. Michigan. March Term, 1870.

COLLECTION OF DUTIES — BOND FOR RETURN OF SEIZED GOODS.

1. Under section 89 of the duties collection act of 1799 [1 Stat. 695], which allows goods seized for non-payment of duties to be appraised, and delivered to the owner upon his giving a bond for the payment of the appraised value and producing a certificate that the duties have been paid or secured,—the certificate should show payment of all burdens or taxes imposed upon the property by the United States as the condition of allowing it to be imported; including any sum imposed under the act of March 3, 1865 [13 Stat. 493], authorizing an additional sum of twenty per cent. ad valorem to be levied in cases where the appraised value shall exceed ten per cent. more than the value at which the goods were entered.

2. The bond to be given under section 89 of the act of 1799, should be for the actual cash value of the property at the time and place of seizure, without deduction for duties paid, where the property has been seized in the hands of the importer.

3. It seems, that, where the goods have been seized in warehouse, the duties may be deducted, in determining the amount for which the claimant must give bond.

Petition for return of goods seized as unlawfully imported. The custom-house officers having seized certain live stock upon an information alleging that it had been imported without payment of full duties, John O'Rourke, the owner and claimant of the property seized, presented a petition setting forth that he entered the property at the custom-house at Port Huron, at the sum of three hundred and eighty dollars and fifty cents, in gold, and paid the duties imposed by law at that valuation,—namely, seventy-six dollars and fifty cents, gold; and praying for an order that the property be delivered to him upon his producing the requisite certificate of the payment of that amount of duties, and upon the execution of a bond for the payment of the sum at which the property might be appraised as required by law; and that, for that purpose, the property might be appraised at its cash value at Port Huron, less the duties legally chargeable upon it. It appeared that the property was imported in March, 1870, and was entered at the amount stated in the petition, and the duties on that amount were paid. The collector, however, caused a new appraisement to be made, which showed the true value of the property in Canada, whence it was exported, to have been seven hundred and fifteen dollars. This being more than ten per centum above the sum at which the property was entered, the collector, after levying the full amount of duty imposed by law, levied in addition thereto a duty of twenty per centum ad valorem on such appraised value, under section 7 of the act of March 3, 1865 (13 Stat.

---

[1] [Reported by Benjamin Vaughan Abbott, Esq., and here reprinted by permission.]

493), providing that, in such cases, "in addition to the duties imposed by law" on the property, "there shall be levied, collected and paid a duty of twenty per centum ad valorem on such appraised value." None of the duties had been paid, over and above the seventy-six dollars and fifty cents paid on the sum at which the property was entered. The property was in the hands of the marshal by whom it had been seized, under the information filed, while in the hands of the importer.

A. B. Maynard, Dist. Atty., and I. W. Finney, for the United States.

A. Russell, for petition.

LONGYEAR, District Judge. This application is founded on section 89 of the act of March 2, 1799 (1 Stat. 695). That statute provides that in such cases the goods, &c., shall be appraised, and on the return of the appraisement, if the claimant shall give a bond as prescribed by the section, for the payment to the United States of a sum equal to such appraisement, and shall, moreover, "produce a certificate. * * * that the duties on the goods * * * have been paid or secured in like manner as if the goods had been legally entered," the court shall order such goods, &c., to be delivered to such claimant.

The questions presented for decision are:—First. What "duties" are required to be certified as paid in order to entitle the claimant to a delivery of the property?—and, second. Should the appraisement be the value of the property less the duties paid, or the full value without deduction?

These questions do not appear to have been heretofore presented to this court. The second question, however, does appear to have been presented and fully considered by Judge Blatchford in the district court for the Southern district of New York, in the case of Four Cases of Silk Ribbons [Case No. 4,986].

1. As to the first question,—what duties must be certified to have been paid,—the statute specifies "the duties on the goods, &c." What are "the duties on the goods" in this case? The term "duties" is clearly meant to and does include all burdens or taxes imposed upon property imported into the country, and all other burdens or taxes upon such property declared to be such by law. First. There is twenty per centum ad valorem upon the actual value at the place from whence the property is exported. In case an appraisement is made by the collector, as in this case, such appraisement must be taken to be the actual value until set aside by higher authority, under certain proceedings prescribed by statute, but which have not, in this case, been resorted to by the claimant. Second. The additional twenty per centum ad valorem required to be levied, &c., by the act of March 3, 1865, in case the appraised value shall be ten per centum more than the sum at which the property was entered. This is expressly declared by the act to be "duty." It may be said that this additional levy is in the nature

of a penalty; but the statute prescribes that it shall be "levied, collected, and paid," as "duty." There is no room for construction here. The statute fixes its character, and there can be no doubt the word "duties" in section 89 includes not only the original duty of twenty per centum, but also the added duty of twenty per centum, both to be estimated upon the value as appraised by the collector. The words "have been paid," &c., "in like manner as if the goods," &c., "had been legally entered," refer to the manner of payment, &c., and not to the amount to be paid. The certificate, therefore, must show the whole amount of duties paid, including the twenty per centum added duty.

2. The appraisement must be the actual cash value of the property at the time of the seizure. The property was seized in the hands of the importer. This presents a very different question from that of a case of goods seized in warehouse. Goods in the hands of the importer have entered into and form a part of the general stock of the country, and are worth in cash just what any such goods are worth at the time and place of seizure, and such market value is the same whether the duties have been paid or not. In fact, the legal duties to which imported goods are subject enter into and constitute a part of their value in the hands of the importer, and to deduct these duties would be to appraise the property at so much less than its actual value.

Not so with goods seized in warehouse. In that case the goods have never entered into the consumption of the country, and constitute no part of its general stock. Such goods cannot be placed in market without first paying the duties. Such duties may never be paid, because the goods may be re-exported. At the time of the seizure the goods are virtually in the hands of the government, and have been from the moment they touched our shores, and there they must remain until they are released on payment of duties, or for exportation, or on a bond for their value under section 89 of the act of 1799. The value of such goods at the time of seizure, therefore, is evidently what would be their market value if they had entered into the consumption of the country, at the place of seizure, less the amount of duties required to be paid to bring them into market.

This distinction between goods in the hands of the importer and goods in warehouse is clearly and distinctly recognized in the case of Four Cases of Silk Ribbons, before cited. I entirely concur in the reasoning and conclusions of the learned district judge in that case.

The appraisement, therefore, must be the actual cash value of the property at Port Huron, at the time of the seizure, without any deduction, and a certificate of the payment of the full amount of duties levied, including the added duty of twenty per centum, must be produced before the property can be delivered to the claimant.